IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAIME LEUVANO, Texas Department of Criminal Justice # 1655791, | ) ) ) |
| Petitioner, | ) ) |
| vs. | ) CIVIL NO. 11-33-GPM ) |
| STATE BAR OF TEXAS, | ) ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Petitioner Jaime Leuvano, a prisoner in the custody of the Texas Department of Criminal Justice ("TDCJ") who currently is confined in the John B. Connally Unit ("Connally") of the TDCJ in Kenedy, Texas, seeks a writ of mandamus directed to Respondent State Bar of Texas ("State Bar") ordering the State Bar to investigate alleged professional misconduct by attorneys in El Paso, Texas. Leuvano's petition for a writ of mandamus is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which

relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001).

Pursuant to federal statute, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. To secure mandamus relief, a petitioner must allege three elements: "(1) a clear right to the relief sought; (2) that the defendant has a duty to do the act in question; and (3) no other adequate remedy is available." *Iddir v. I.N.S.*, 301 F.3d 492, 499 (7th Cir. 2002) (citing *Scalise v. Thornburgh*, 891 F.2d 640, 648 (7th Cir. 1989)). Mandamus relief is not available against state and local officials, including state judicial officials. *See Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988) (a federal court has no jurisdiction to issue a writ of mandamus directed to a state-court trial judge because "[t]he federal courts have no general power to compel action by state officials[.]"); *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986) (quoting *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970)) (federal

courts "have no authority to issue . . . a writ [of mandamus] to 'direct state courts or their judicial officers in the performance of their duties.'"); *Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969) (a federal court of appeals "has no original jurisdiction" to issue a writ of mandamus directed to a state court, because the federal court "in no sense sits as an appellate tribunal for any state court"); *In re Wolenski*, 324 F.2d 309, 309 (3d Cir. 1963) (a federal court had no jurisdiction to order a state court to decree the removal of the state-appointed guardian of an inmate of a state hospital); *Robinson v. Illinois*, 752 F. Supp. 248, 248-49 (N.D. Ill. 1990) (noting that "this Court has no superintending function – let alone control – over [a] state court" because "[f]ederal courts have no general power to compel action by state officers, including state judicial officials.") (collecting cases). Under Texas law, "[t]he state bar is a public corporation and an administrative agency of the judicial department of government." Tex. Gov't Code Ann. § 81.011(a). *See also Krempp v. Dobbs*, 775 F.2d 1319, 1321 & n.1 (5th Cir. 1985) (because the State Bar is a state agency under Texas law, a suit for damages against the State Bar in federal court is barred by the Eleventh Amendment); *State Bar of Tex. v. United States*, 560 F. Supp. 21, 22-23 (N.D. Tex. 1983) (the State Bar is an administrative agency of the judicial branch of the government of the State of Texas and as such is not liable for federal employment taxes). Leaving aside the question of why Leuvano has chosen to seek mandamus relief in an Illinois federal court for alleged misconduct by Texas attorneys in Texas, Leuvano's mandamus petition fails to allege any of the material elements of a claim for relief, e.g., a clear right to the relief sought, the respondent's duty to perform a certain act, and lack of any other adequate remedy. Moreover, the State Bar is a state agency against which a federal court lacks jurisdiction to issue a writ of mandamus. Leuvano's mandamus petition is due to be dismissed.

To conclude, pursuant to 28 U.S.C. § 1915A, the Court finds that Leuvano's petition for a writ of mandamus fails to state a claim upon which relief may be granted. Therefore, this action is **DISMISSED with prejudice**. Leuvano is advised that the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g). The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED: January 29, 2011

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge